IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| REGINALD O. FULLER,<br><br>    Plaintiff,<br><br>    v.<br><br>EEOC and PATRICIA MILLER,<br><br>    Defendants. | No. 5:13-CV-146-FL |
| REGINALD O. FULLER,<br><br>    Plaintiff,<br><br>    v.<br><br>EMPLOYMENT SECURITY COMMISSION,<br><br>    Defendant. | No. 5:13-CV-147-FL |

ORDER &
MEMORANDUM & RECOMMENDATION

This matter is before the court on Plaintiff Reginald O. Fuller's pro se application to proceed in forma pauperis and for frivolity review. Plaintiff has demonstrated appropriate evidence of inability to pay the required costs, and his application to proceed in forma pauperis is allowed.

Notwithstanding the determination that Plaintiff is entitled to in forma pauperis status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); <u>Michau v. Charleston County</u>, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact, and pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers.

Plaintiff was formerly employed by Bridgestone/Firestone ("Employer") in Wilson, North Carolina, as a tire builder earning $16 per hour. On August 24, 2011, Plaintiff was terminated from his employment after having tested positively on a random drug test conducted on August 5, 2011.

Following his termination, Plaintiff filed a claim for unemployment benefits with the North Carolina Employment Security Commission ("ESC" or "Commission"), as well as a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleged that he was "framed" by his supervisors and that he was terminated in retaliation for complaints he made against his supervisors with the Employer's human resources department.

It appears as though Plaintiff's original claim was denied, and Plaintiff appealed the denial. A hearing on Plaintiff's appeal was scheduled before an ESC Appeals Referee for November 4, 2011. The Employer sought a continuance due to the unavailability of its medical review officer, but the Appeals Referee denied the

motion as untimely. Following a hearing, the Appeals Referee issued a decision in Plaintiff's favor. Employer appealed the Appeals Referee's decision, and the Commission vacated the decision and remanded the cause for a de novo hearing. On remand, the Appeals Referee denied Plaintiff's appeal and affirmed the denial of Plaintiff's claim for benefits. Upset with the denial of his claim for unemployment benefits, Plaintiff now seeks to sue the ESC and the EEOC, as well as an EEOC investigator.

A review of Plaintiff's complaints raises the threshold issue of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 336 (1895). "Furthermore, the complaint must state on its face the grounds for . . . jurisdiction," regardless of whether it is a case of diversity or federal question jurisdiction. Bowman, 388 F.2d at 760.

In these cases, Plaintiff has failed to meet his burden of demonstrating that subject matter jurisdiction exists. His claim against the ESC is, in substance, an appeal of the agency's decision, wherein Plaintiff alleges that the ESC "illegally reversed" its prior decision. In his suit against the EEOC and its investigator, Plaintiff complains that the investigator lied regarding the substance and form of

3

his EEOC claim. Plaintiff asserts that "had [the] EEOC [and] Patricia Miller done their job[s], Bridgestone/Firestone would have never received an appeal" and that the "ESC would have been scared to do what they did with evidence." (Proposed Compl., No. 5:13-CV-146-FL [DE #1] at 3.)

Neither of Plaintiff's complaints raises a federal question within the meaning of 28 U.S.C. § 1331. See 28 U.S.C. § 1331 (limiting jurisdiction to those claims "arising under the Constitution, laws or treaties of the United States"). The civil cover sheets submitted by Plaintiff indicate the nature of his suits as "440-Other Civil Rights" and "470-Racketeer Influenced and Corrupt Organizations." However, neither of his proposed complaints includes any facts that would support a finding of a violation of his federal civil rights or the existence of an enterprise engaged in a pattern of racketeering activity.

Additionally, Plaintiff's complaints fail to invoke the court's diversity jurisdiction. Title 28 U.S.C. § 1332 provides that federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or different States." 28 U.S.C. § 1332(a). Plaintiff has failed to state sufficient facts to support a finding that he and the defendants are of diverse citizenship within the meaning of 28 U.S.C. § 1332 or that his claims meet the jurisdictional threshold of 28 U.S.C. § 1332. Accordingly, the

4

undersigned determines that Plaintiff has failed to meet his burden of demonstrating that this court has jurisdiction to address his claims.

## CONCLUSION

Plaintiffs' application to proceed in forma pauperis is GRANTED and it is RECOMMENDED that Plaintiff's complaints be dismissed for lack of subject matter jurisdiction.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 8th day of October 2013.

_____
KIMBERLY A. SWANK
United States Magistrate Judge